UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re: **tmm1634**
CHAPTER 13
PARS SINGH and CASE NO. 109-40849-633
SUNITA DESWAL
        Debtor(s). **ORDER CONFIRMING PLAN**
------------------------------------------------------X

     The Debtor's plan filed with the Court having been transmitted to all creditors; and the deposit required by the plan having been made; and it having been determined after notice and a hearing that the requirements of Section 1325(a)(1) through (6) have been complied with;

IT IS ORDERED THAT:

     The Debtors plan be and it hereby is confirmed and that 30 days after the filing of the petition and each month thereafter until further Order, the Debtor shall pay to MICHAEL J. MACCO, TRUSTEE, 135 Pinelawn Road, Suite 120 South, Melville, New York ,11747 the monthly sum set forth in the plan.

     That the percentage stated in the plan for payments to unsecured creditors will be the minimum paid to all unsecured creditors. If all Proofs of Claim are not filed as scheduled, the unsecured creditors shall be paid pro rata, but in no event shall they receive more than 100% of their claim as filed, nor shall the amount to be distributed be less than all sums due under the terms of the plan.

     In the event the Plan is ambiguous to the Trustee's distribution to unsecured creditors, the Trustee retains the option to pay unsecured creditors either subsequent to the payment of secured creditors or pro-rata with secured creditors. Further, reference made in the Plan to the avoidance of lien(s), if any is explicitly not approved by the Court and the plan is null and void, in part, concerning the avoidance of any liens.

     That pursuant to 11 U.S.C. Section 1327, the Debtor's real property shall remain property of the estate, title to which is vested in the Trustee until dismissal or closing of the case or until further order of this Court by virtue thereof, the debtor shall not sell, encumber or assign or otherwise transfer said real property without prior written approval of the Trustee, conditioned upon completion of all payments due under the Plan or upon further order of the Court.

     All property of the estate, including any income, earnings, or, or other property which may become a part of the estate during the administration of the case which property is not proposed, or reasonably contemplated, to be distributable to claimants under the Plan shall revest in the Debtor(s); provided however, that no property received by the Trustee for the purpose of distribution under the Plan shall revest in the Debtor(s) except to the extent that such property may be in excess of the amount needed to pay in full all allowed claims as provided in the Plan. Such property as may revest in the Debtor(s) shall so revest upon the approval by the Court of the Trustee's Final Report and Account.

DATED: Brooklyn, New York                   s/ Dennis E. Milton
      August 27, 2009                         DENNIS E. MILTON
                                                            U.S. BANKRUPTCY JUDGE